Good morning, Your Honors. David Zuckerman, representing Dujama Watkins. Pull the mic toward you or speak louder? Oh, very good. I apologize, Your Honor. David Zuckerman, representing Dujama Watkins. And I'm going to try to reserve about three minutes for rebuttal. I'm asking that this case be remanded to the district court with instructions to obtain the trial record, appoint counsel, and reconsider the claims of prosecutorial misconduct. The reason for that is that claims of misconduct in closing argument cannot be considered in isolation. I think everyone agrees on that standard. They must be considered in the context of the entire closing argument. The harmfulness of them must be evaluated in view of all of the evidence presented at trial. To the extent the State is claiming invited error, as it is here, the court must review the defense closing argument. To the extent the State is arguing that a comment is a reasonable inference from the evidence, as it is here, the court has to see that evidence. Well, counsel, whose obligation is it to get the transcripts before the district court judge? Well, according to Rule 5, the court on its own motion can ask for them. And in Jones v. Wood, this Court held that the failure of the defendant to or the petitioner to request the transcripts is irrelevant. And Jones – no, Jones – it was a pro se litigant in Jones in the district court, and that may be a relevant factor. Mr. Watkins, likewise, is a pro se litigant. He thought they were there. I've talked to him about it. I mean, he thought it was like, you know, like appealing from the Court of Appeals to the Supreme Court in Washington. They just forwarded the record on up. He was shocked when I told him that the transcripts weren't there. And I don't see how a pro se litigant sitting there in his prison cell is supposed to know that he has to do that and figure out how to get all those documents to the district court. Was the case dismissed before an answer was filed? No, I believe the State did answer. And the response – in fact, they did answer. And their response essentially just quotes at great length from the State court commissioner's And under – essentially, that's the State's view, is that this court should determine the reasonableness of a State court decision simply by looking at the face of that State court decision. Now, I maintain that that would essentially nullify Federal habeas review. It's very, very rare that a State court judge writes up a decision in such a way There is a strange business here, because all the Petitioner had to do, I gather, was to tell the district court that he couldn't obtain it. And I agree with you that there seems to be some line in our case law as to when he has to do that and when he doesn't. But even when there is an obligation, the obligation is not necessarily to bring the transcripts in. It's to simply explain why he can't. He thought the district court had them. He had no idea that the district court didn't have the transcripts. And, you know, even if he had known enough to read Rule 5, I think that might have led him to believe that it would be provided to the district court by the Attorney General or that the court would have gotten them on its own motion. But, you know, Mr. Watkins, I mean, he's gotten help from other prisoners. I mean, he has a hard time writing clearly. And, you know, essentially, the best he was able to do, you know, on direct appeal, his appellate attorney filed an Anders brief. I mean, the best he was able to do was at some point he or some other prisoner looked through the transcript of closing argument, noted that defense counsel had objected six times, and wrote down the comment that immediately preceded that objection. As a practical matter, you've said that there is a need to look at the context. But as to the actual statements that are made, is there some dispute about what was actually said or some need to look at the transcript to figure that out? Well, I guess the State isn't disputing that these comments have been quoted accurately. But one thing I noticed is that he mentioned six and there are only five that were discussed by the district court. I agree. I can't resolve that. And it's very difficult for me to brief these issues. My sense is, you know, what you don't get is the whole flavor of it. And, you know, it appears that – first of all, it appears the evidence here may be very, very weak against Mr. Watkins. The jury initially announced it was hung on the significant charges. Apparently, there's a guy who says he's 50 percent sure the defendant was driving the car. You know, no one says that they saw him shooting a gun or holding a gun. And yet the State Commissioner is saying the evidence was overwhelming. Was there an Allen instruction given here? Apparently, that was unnecessary. And I'm getting this sense just from reading the Commissioner's decision, because it's the only issue that appellate counsel brought up. And apparently, the jury had first announced it was hung, but then by the time they got – I guess all they did was they told the jury, we'll keep deliberating until we can get the attorneys down here. And by the time they get the attorneys down here, the jury says, we'll give it another try. And a couple hours later, they reach a verdict. I think that's what happened. Do we know how long they deliberated? The Commissioner's ruling does discuss that. It says that about three hours had gone by when they announced they were hung, and then they went back to deliberate further. And the next day, they deliberated, I guess, for another hour or so. And then that day, came back, deliberated for another hour or two the next morning, and then announced a verdict. I would note that in this case, we don't even have any meaningful summary of the evidence anywhere in the record, because appellate counsel didn't present one, the Commissioner doesn't present one. There's nothing to indicate what this case was all about. And I'd suggest, if this Court were to look through all of the habeas cases in which it has reversed State court judgments, I think it would rarely find that it would have reached the same result simply by looking at the face of the State court decision. I know that's true in the three reversals I've been involved in. For example, in Ben v. Lambert, I mean, the State court decision seemed reasonable. Yes, the State withheld some impeachment information on their informant, but the defendant confessed to two other people as well, so it's harmless. Well, in fact, if you read through the transcript, those confessions to the other two were a claim of self-defense, whereas the informant was claiming the defendant confessed to a cold-blooded killing because he didn't want to pay back some money he owed the people. But there's no way the Federal court would ever have seen how unreasonable the State court decision was without some review of the record. Have you seen the transcript? No, I have not. I don't have it. And my client doesn't have it. He didn't think it necessary to get it for this appeal because doesn't the appellate have some obligation to show that the prosecutor's so infected the trial that it was a denial of due process? Ultimately, that is the Petitioner's burden in a habeas case to show that. And if I have been at that burden here, I've tried to in an alternative argument in my brief, but I think my first position is there's just no – it's extremely difficult to assess that without the transcript. If I'm partly at fault here, I understand that, but I'm having a little difficulty understanding why you didn't get the transcript in preparation for this appeal. I didn't – my reading of the rules of appellate procedure, and I apologize if my reading is in error, is that I am not permitted to attach something in an excerpt of record that wasn't truly part of the district court record. And in fact, I was counsel in Jones v. Wood, which was the same scenario. Defendant was pro se in the district court. I represented him in the Ninth Circuit. And the district court – the court of appeal, the Ninth Circuit in that case, didn't say, well, we want you to give us the transcript now at the Ninth Circuit level. It said, we're sending this back to the district court for the district court to obtain a transcript from the State. I think what I find a little mysterious here is this line that has been drawn by this court, partly because of the tension between the statute and Rule 5, where if it's a question of sufficiency of the evidence, there is an obligation on the Petitioner, but if it's a question of a mixed question of law and fact, there isn't one. Does that make any sense as a rule, quite aside from where it came from? I'm not sure that it does. And in fact, I think even if the Court looks at the cases dealing with a factual finding by the State court, this issue really didn't come up, because the transcript was there. For instance, we have, like, the line of cases with pretrial publicity, Austed, where the transcript was before the district court. What wasn't before the district court was some exhibits. And, you know, the Court then said, well, it was your burden to show the exhibits. But the Court could just as easily have said there was an adequate record in front of the district court, because it had 2,000 pages of transcript. The statute specifically says, 2254, it does say in terms that if an applicant challenges the sufficiency of the evidence, the applicant, if able, shall produce that part of the record. So we have this very odd rule, then, which is the more factual it is, the more the less obligation the trial court has to find, get the transcript on their own record, their own content. It is. And, you know, in Jones v. Wood, it was a sufficiency of the evidence issue. It was? It was. That's the issue on which the district court said, on which the court of appeals said, we can't decide this without a transcript, the district court shouldn't have decided it without a transcript, we're sending it back. So the binding circuit precedent on this is that even with an insufficiency claim, the district court has an obligation to obtain it. And again, if you're tired, I'll give you a minute afterwards. All right. Thank you, Your Honor. Thank you. May it please the Court. My name is John Sampson, Assistant Attorney General, representing the Respondent. The district court correctly denied relief because the State court adjudication of this claim was not contrary to or an unreasonable application of the district court. How can we know that without the transcript? The Supreme Court has said that in reaching this determination, reaching the one critical issue under the statute, whether the State court decision was reasonable, the Federal courts don't have to follow one particular methodology. And the courts ---- That was the ---- I mean, Locke here and Andrade and all that, they're dealing with a completely different problem. They were dealing with the question of whether you decide the constitutional issue first or you decide the reasonableness issue first. But to decide either issue, don't you have to have the transcript? No, Your Honor, you don't. And what Petitioner is arguing is the constitutional issue first. He isn't ignoring the primary ---- Let's say we decided reasonableness first. In order to know whether the State court was reasonable, we still have to know what the whole ---- exactly what was said, which we don't know, and also how it fit into the overall context of the trial, don't we? No, Your Honor, you don't. The evidence that was ---- the record that was before the district court was sufficient for the district court to make a determination ---- But there was no record before the district court. If there was ---- There was no transcript of the trial. Is that correct? I'm sorry, Your Honor? There was no transcript of the trial. There was no verbatim account of what the prosecutor said. There was no context for what the prosecutor said. Exactly what did the district court have? The district court had quoted verbatim what the prosecutor stated and had quoted verbatim the jury instruction that the State court gave to the jury. That was sufficient. It had the State court briefing and it had the State court appellate decision. But the verbatim was in the opinion. It was. If you look at the petitioner's quotation, they're a little different. They're not exactly the same. Not significantly different, Your Honor. Not significantly enough to make the State court decision unreasonable. And again, the analysis is not whether a constitutional error occurred, but simply whether the State court decision was a reasonable application and the record that was before the district court was sufficient to make that determination. The petitioner does have a burden. The court and the Respondent's counsel are not the advocate for the petitioner. The petitioner does have a burden to, at the very minimum, say I want the transcript before the court. I'm unable to produce it. Court, please order. Well, wait a minute. Do you disagree, then, that our case law doesn't have this odd split between sufficiency of the evidence issues, which this isn't, and mixed questions of law and fact, which this is? There is an odd split. And I would submit to the Court that those cases are all pre-ADIPA cases. They're all pre-2254d cases. And that line of case law just doesn't have any validity now under Lockyer v. Andrade in the statute. The statute that the Court refers to is not limited to sufficiency of the evidence. What the statute says is if the applicant challenges the sufficiency of the evidence adduced in the State court proceeding to support the State court's determination of a factual issue. So it's not limited to sufficiency of the evidence claims. It's any time the petitioner is challenging a State court determination of a factual issue. What is the factual issue here? Well, the factual issues are what did the prosecutor say, what jury instructions were given. And then the legal issue is did that have an effect on the trial? Did it render the trial fundamentally unfair? Did it cause actual prejudice? And then the most important legal issue is was the State court adjudication unreasonable? The petitioner has utterly failed on his burden of proof. And he has a very minimal burden. All he had to do was ask the district court to produce this. He did not raise this as an error in the district court. And I suppose I should have objected on that basis in my response brief and argued that this should be reviewed for plain error. I did not do that. I will not hold the petitioner to that burden at this time. But he did not raise this as an issue in the district court. He failed at any time to say district court, please order the production of the transcript. But he thought the court had it. Your Honor, his subjective belief stated at this time that he thought the court had it is not enough for his failure to satisfy. His burden. What about Rule 5, which appears to place on the respondent the obligation to attach to the answer just such portions of the transcript as the answering party deems relevant? Your Honor, I would refer this court to a Seventh Circuit case. I submitted supplemental citations of the authority. Semental, S-I-M-E-N-T-A-L. And I won't even try the last name. But it's at 363, Fed Third, 607, and the page number is 612. The Seventh Circuit discussed that burden. And it is the sound discretion of the district court whether or not it wants to order transcripts to respond to. Now, that's not what I asked you. I'm sorry, Your Honor. What I asked you was the previous sentence, which says the answer shall indicate the answer, your answer, shall indicate what transcripts of pretrial, trial, sentencing, and post-conviction proceedings are available, when they can be furnished, which have been transcribed. There shall be attached to the answer such portions of the transcript as the answering party deems relevant. And the court on its own motion may order those further portions, et cetera. Yes, Your Honor. And in that Seventh Circuit case, the same thing happened here. The State in its answer deemed that no transcripts were relevant and, therefore, did not submit any. And the Seventh Circuit noted that although it is occasionally necessary in habeas cases to review the transcripts, it is quite rare. And that is the case here. The State did not deem it necessary, did not deem it relevant to submit the transcripts. And the Petitioner didn't deem it relevant to ask for them to be produced. Well, why did you think it not relevant? Because, Your Honor, under the narrow standard that the State court adjudication is reviewed under ADEPA, under 2254d, it was clear that the State court adjudication was a reasonable application of Federal law. Well, in your view, as one of the participants, we would like to make that decision ourselves. Yes, Your Honor. But, again, I am the attorney for the Respondent. I am not the attorney for the Petitioner. I did not hide evidence. I did not do anything unethical. I presented my case on behalf of my client in an ethical manner. I had no burden to represent the Petitioner and to advance his cause by advocating on his behalf. No, but you had to attach anything that was relevant. And I deemed nothing relevant. I understand. And that is quite acceptable as the Seventh Circuit recognizes that. And how can we, for example, one of the complaints is that the prosecutor said the car the State would submit was on its way back to go look for the kids back at the Texaco station. And the complaint is that there's nothing in the evidence to sustain that. And the State court said, well, yes, there was. Now, how are we supposed to make any judgment about that without a transcript? If the Petitioner either submits the transcript or asks the district court to order its production, then that could be done. Then the transcripts will be produced. But he failed to meet that minimum burden that was imposed on him of even asking for it. So the key to your argument is, is your argument, the way you're reading 2254F, intention with our case law? You seem to be reading it as dealing with any, you're calling a fact the question of what went on at trial as opposed to some connection between what went on at trial in the real world, right? And you're saying that that's a sufficiency of the evidence question, our case law to the contrary, notwithstanding. Is that not right? Your Honor, my position is that that factual issue is any factual issue, whether it's a factual issue of what went on at trial or whether it's a factual issue of the real world. And is that consistent with cases like Jones v. Wood and effective assistance and so on? I mean, in all of those instances, there's going to be some kind of a fact. In order to want the transcript, you have to want to know something about the transcript. If you're calling that something about the transcript, a fact, what is in the transcript is what you're calling a fact, right? Well, what I'm calling a fact, Your Honor, are the material facts at issue for a claim. Which is, what does the transcript say? But you do not need to have the transcript for the State court. If I can clarify, Your Honor, the State court quoted what the prosecutor said and what the jury instructions were. But it didn't quote what the evidence was that they said this, in fact, fairly represented. So there's no way to tell from the State court proceeding what they thought justified the statement. Is that much true? I cannot tell what in the transcript justified that statement. The State court did not quote verbatim all the evidence that was. Or any of it. In fact, any of it. Not one whit of it. Oh, I would disagree with that, Your Honor. There was some discussion in dealing with the various claims with the different facts. I'm talking about that particular one that I just quoted to you. My recollection is they said nothing. They just said it's a fair recollection. There's some evidence to support it. They never said what it was or anything. That's correct, Your Honor. As to that narrow reading. Absolutely nothing. All right. So you're now saying a fact is what was in the transcript about this. That's a fact. No, Your Honor. I'm saying a fact is the State court's determination of the facts. And the State court said there is evidence to support this. That is a factual finding. If the court ordered a reference hearing or an evidentiary hearing to determine what was presented during trial, let's say the transcripts were lost so we had everybody come in and testify. And then it was determined this was what was said during the State court trial 10 years ago. The State court's finding a fact that that what was said is the finding of facts. I guess what I'm trying to point out, and then your time is up, but I'll give you another minute because I've used it up. I have to answer this question. Haven't you defined away the difference between our two lines of Ninth Circuit cases? Because you're essentially saying whatever is in the transcript is a factual question. To know what's in the transcript is a fact. That's what you're telling me. And if that's true, then the whole line of Ninth Circuit cases that say there are circumstances in which the district court has a sua sponte obligation to obtain the record go up in smoke. Is that not right? Because you've now defined the content of the transcript as a fact. Well, it's our position that under the new KBS statute, those line of cases do, Your Honor, in your terms, go up in smoke because they don't apply the proper analysis required under the new statute. Well, the interesting thing is the KBS statute. Okay. Unless Your Honor have further questions, I would ask that the Court affirm. Thank you very much. Thank you. And, Your Honor, if I may, I think the simple distinction is between, you know, what did a witness say factually and how you're going to – how a court is interpreting evidence. In other words, to say, well, a certain argument is a reasonable – is based on reasonable inferences from the evidence presented, that's a legal conclusion. I mean, the evidence isn't precisely the same as the argument. The Court has to see whether it was reasonable. I think even more significantly, the Commissioner's finding that the evidence against Mr. Watkins was overwhelming. That's not a factual finding. It could never be a factual finding. I mean, that's a judicial assessment of all of the evidence presented at trial. And we are back to the statute, because the statute says that if you're judging the sufficiency of the evidence, then the obligation is on the Petitioner. And why isn't that question, as to whether there's overwhelming evidence or enough evidence, a sufficiency of the evidence? Well, I'm sorry, Your Honor, but sufficiency is a different question. And in fact, that's the only one discussed by the Commissioner here. Whether the evidence was legally sufficient to support a certain finding by the jury or a certain finding by a judge is a very different question from saying whether the – because all you have to do is point to – you don't have to get into weighing all of the conflicting evidence. You just have to note whether certain things exist in the record. But whether evidence is overwhelming involves weighing the strength of the State's evidence, to what extent were its witnesses impeached, to what extent were they contradicted by defense witnesses. I mean, that's an inherently legal conclusion.  Thank you very much. Thank you, Your Honor. Thank both parties. And Watkins v. Waddington is adjourned.
judges: B. Fletcher, Hamilton Berzon